# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| KAREN DAVISON, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:08-cv-247 |
| | § | |
| PLANO INDEPENDENT SCHOOL | § | |
| DISTRICT, | § | |
|    Defendant. | § | |

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

Before the court is the Defendant's "Motion to Dismiss Plaintiff's Original Complaint" (de # 4) and a Response (de # 6) and Reply (de # 7) thereto. In its Motion, Plano Independent School District ("PISD") argues that Davison's Original Complaint is centered around allegations that are barred by limitations. Additionally, PISD argues that Davison's Fourteenth Amendment claim fails as a matter of law because she does not allege that a protected property right has been abridged. Having considered the Motion, the responsive briefing and the relevant legal principles, the court is of the opinion that PISD's Motion should be GRANTED IN PART and DENIED IN PART.

## I. BACKGROUND

Davison, a black woman, is currently, and at all times relevant to this lawsuit was, a teacher employed by PISD. In her Original Complaint, Davison asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. and the Fourteenth Amendment of the United States Constitution through 42 U.S.C. § 1983. Davison has taught elementary school for the PISD since 2002. (Pl.'s Orig. Compl. ¶ 3.01.) During her time with PISD, Davison has received favorable reviews. (*Id.*)

Davison complains of an allegedly discriminatory posture taken by PISD with respect to her

and other black teachers beginning in 2003. (*Id*. at ¶ 3.04.) In August of 2004, Davison was transferred to another elementary school where, she claims, she was exposed to racially-motivated hostility directed at her by colleagues and parents of her students. (*Id*.) Davison alleges that PISD failed to take the steps necessary to rectify these wrongs, thus allowing their persistence. (*Id*. at ¶ 3.05.)

Davison was forced to take medical leave under the Family and Medical Leave Act, and when she returned, she was transferred to "a co-teaching position" in a third elementary school. (*Id*. at ¶ 3.07.) Davison was forced to share a classroom with another teacher. (*Id*.) Davison alleges that she continued to face a racially combative environment wherein she was subjected to difficulties in obtaining teaching materials, hostility from colleagues and unfair scrutiny from her superiors. (*Id*.) By 2006, Davison had been given her own classroom, but her treatment had not otherwise improved. (*Id*. at ¶ 3.08.) Finally, Davison has alleged a series of conflicts with John Smith, the school nurse. Smith allegedly found humor in a picture of Davison drawn by a student in brown crayon, took candy from Davison and gave Davison a picture of himself standing over a dead moose. (*Id*. at ¶ 3.13.)

Davison contends that she reported a number of these incidents, leading not to inquiry into her concerns, but to increased criticism, denial of resources and ostracization. (*Id*. at ¶ 3.10.) Davison also complains of not being promoted to a "Team Leader" position, purportedly a prerequisite for further promotion to becoming either an "Assistant Principal Intern" or an "Assistant Principal." (*Id*. at ¶ 3.11.) Davison filed a charge with the Texas Workforce Commission on June 11, 2008 and received a right-to-sue notification. (Def.'s Mot. to Dismiss Ex. A.) The charge described only PISD's failure to promote and the incidents involving Smith. (*Id*.)

Davison's Original Complaint alleges a number of causes of action. First, she alleges an unlawful employment practice under Title VII based on PISD's failure to promote Davison and its transferring her to a first grade classroom. Davison also advances theories of hostile environment, retaliation and disparate impact. Finally, Davison asserts a substantive due process claim under the Fourteenth Amendment, arguing that PISD's failure to promote her was an impermissible deprivation of a protected property right. PISD argues that many, if not all, of the actions complained of occurred outside the statute of limitations. Additionally, PISD argues that Davison has not identified a protected property right under the Fourteenth Amendment.

## II. LEGAL STANDARD

Motions to dismiss under Rule 12(b)(6) are disfavored and are rarely granted. *Priester v. Lowndes County*, 354 F.3d 414, 418 (5th Cir. 2004). In passing on a Rule 12(b)(6) motion, a court must accept all of the plaintiff's allegations as true. *Ballard v. Wall*, 413 F.3d 510, 514 (5th Cir. 2005). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, ___, 127 S. Ct. 1955, 1969, 167 L. Ed. 2d 929 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id*. at n.8. Although detailed factual allegations are not required, a plaintiff must provide the grounds of its entitlement to relief beyond mere "labels and conclusions;" "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964-65. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level," *Id*. at 1965, and into the "realm of plausible liability." *Id*. at 1966 n.5.

### III. DISCUSSION AND ANALYSIS

A. Title VII Claims

The court will first address Davison's Title VII claims. A Title VII claimant must first exhaust administrative remedies before filing a lawsuit. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002). The claimant must file a timely charge with either the Equal Employment Opportunity Commission or a similar agency established under state authority and receive a statutory notice of his right to sue. *Id*. at 379. The charge may only challenge discriminatory actions that occurred within the 300 days preceding its filing where the charge has been filed with a state agency. 42 USC § 2000e-5(e)(1) (2006); *Frank v. Xerox Corp.*, 347 F.3d 130, 136 (5th Cir. 2003). "[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *AMTRAK v. Morgan*, 536 U.S. 101, 113 (2002). However, claims based on hostile environment are timely so long as one of the acts constituting the hostile environment occurred within the limitations period. *Id*. at 117; *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 279-80 (5th Cir. 2004). The court may then "consider all of the acts that are alleged to have contributed to the hostile work environment, even though some of them may have taken place outside of the 300-day filing period." *EEOC v. WC&M Enters.*, 496 F.3d 393, 398 (5th Cir. 2007).

As mentioned above, Davison filed her charge with the Texas Workforce Commission on June 11, 2008. Therefore, any discrete acts that occurred on or before August 16, 2007 may not here serve as the basis of liability for PISD. In the 2004-05 school year, Davison alleges that she was the target of "extensive scrutiny and character assassination" from parents. (Compl. at ¶ 3.04.) That

same year, Davison was required to share classroom space with another teacher. (*Id*. at ¶ 3.07.) Davison was reassigned from a third grade classroom to a first grade classroom in April of 2006. (*Id*. at 3.08.) According to her charge, Davison was denied promotion on the basis of her race beginning on August 27, 2007. The incidents with John Smith occurred in February of 2008.

Davison's Complaint does state a claim under Title VII. While the vast majority of the alleged conduct falls well outside the limitations period, Davison's charge complains of a failure to promote her beginning on or around August 27, 2008. That allegation does suffice to state claims of intentional discrimination and retaliation under Title VII, and it is not time barred.

The remainder of Davison's Title VII theories, however, fall short of the admittedly low pleading standard. Davison's supposed exposure to a Title VII-forbidden hostile environment, as portrayed in her Complaint, is actually nothing more than a series of discrete, unrelated acts. The acts did not "permeate [the workplace] with discriminatory intimidation, ridicule, and insult," so as to be "severe or pervasive [enough] to alter the conditions of [Davison]'s employment." *Morgan*, 536 U.S. at 116 (internal quotation marks omitted); *accord WC&M Enters.*, 496 F.3d 393, 399 (5th Cir. 2007). Rather, the backdrop Davison provides consists merely of a series of unrelated "petty slights or minor annoyances that often take place at work and that all employees experience." *Burlington Northern & Santa Fe Ry. v. White*, 548 U.S. 53, 68 (2006). For this reason, the incidents involving John Smith, though timely, can neither re-animate the above-mentioned bases for Davison's hostile environment claim nor themselves serve as independent bases for liability. Davison's hostile environment claim must be dismissed.

As for Davison's disparate impact claim, her charge with the Texas Workforce Commission does not identify, nor can it be read to address, "any neutral employment policy that would form the

basis of a disparate-impact claim." *Pacheco v. Mineta*, 448 F.3d 783, 792 (5th Cir. 2006). Therefore, her disparate impact claim must be dismissed.

B.  Section 1983 Claim

Davison also alleges a cause of action under the Fourteenth Amendment through Section 1983.  Davison claims that she was deprived of substantive rights protected by the Fourteenth Amendment because she has been denied promotions and because she was "arbitrarily and capriciously" transferred from the third grade to the first grade.  (Compl. at ¶ 5.04.)

The Fourteenth Amendment reads, in part, "...nor shall any state deprive any person of life, liberty, or property, without due process of law..."  U.S. CONST. amend. XIV § 1.  Section 1983 provides that

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

42 U.S.C. § 1983 (2006).  A person may have a constitutionally protected interest in a benefit if he has a "legitimate claim of entitlement to it." *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972).  His interest must be evinced by more than a mere "unilateral expectation" or "abstract need or desire" for the benefit.  *Id*.  The Constitution does not itself create property rights, but protects certain interests that are created by outside sources such as state law or contract.  *Id*.; *see also Bishop v. Wood*, 426 U.S. 341, 344 (1976) (In the employment context, "the sufficiency of a claim of entitlement must be decided by reference to state law.").

"To succeed on a due process claim in the context of public employment, a plaintiff must show that (1) he had a property interest/right in his employment and (2) his termination was arbitrary or capricious." *Bolton v. City of Dallas*, 472 F.3d 261, 263 (5th Cir. 2006). The breadth of a person's due process right in governmental employment is confined to "no more than the status of being an employee of the governmental employer in question together with the economic fruits that accompany the position." *Schultea v. Wood*, 27 F.3d 1112, 1117 n.6 (5th Cir. 1994).

As mentioned above, Davison has been a teacher at all times relevant to this litigation. She has not been subjected to diminution in pay, loss of benefits, or reduction in position. (Compl. at ¶ 3.01.) She has been, and remains, a teacher employed by PISD. Davison's allegation that she was transferred from a third grade class into a first grade class does not support a claim under Section 1983.

Equally impotent is her contention that she has been passed over for promotion in favor of supposedly less qualified employees. The Supreme Court has made clear that an employee's expectation that he be promoted is not constitutionally protected where that expectation is unilateral. *Roth*, 408 U.S. at 577; *Perry v. Sindermann*, 408 U.S. 593, 601 (1972) ("A person's interest in a benefit is a "property" interest for due process purposes if there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit and that he may invoke at a hearing."); *see Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005) ("Our cases recognize that a benefit is not a protected entitlement if government officials may grant or deny it in their discretion."). Davison's contract makes no provision for promotion or even for the consideration thereof. Thus, to whatever extent Davison believes she was entitled to be promoted, that belief is

unilateral, and the promotion decision lies in the pure discretion of her superiors. Davison's Section 1983 claim should be dismissed.

## IV. CONCLUSION

Based on the foregoing, the court finds that Davison has stated unlawful employment practice and retaliation claims under Title VII. The court also finds that Davison has failed to state claims based on disparate impact and hostile environment theories. Finally, the court finds that Davison has failed to identify an interest protected by the Fourteenth Amendment; accordingly, she has failed to state a claim under Section 1983. The court is, therefore, of the opinion that the Defendant's "Motion to Dismiss Plaintiff's Original Complaint" (de # 4) should be, and hereby is, GRANTED IN PART and DENIED IN PART. Counts Two and Four and the hostile environment portion of Count One of the Plaintiff's Original Complaint should be, and hereby are, DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

**SIGNED this the 8th day of December, 2008.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE