IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| KAREN DAVISON, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:08-CV-247 |
| | § | |
| PLANO INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S REQUEST FOR FURTHER EXTENSION OF THE DEADLINE TO RESPOND TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the court are "Plaintiff's Supplementary Request to Retain Counsel" (Dkt. 59) and "Plano ISD's Reply to Plaintiff's Supplementary Response to Request to Retain Counsel" (Dkt. 58). On October 20, 2009, this court issued an order extending Plaintiff's time to respond to Defendant's motion for summary judgment, resetting the final pretrial conference, and allowing Plaintiff 45 days to retain counsel. Now Plaintiff seeks additional relief in the form of another 30 day extension to her deadline to respond to Defendant's motion for summary judgment. This motion is denied.

### BACKGROUND

This is an employment discrimination case. The Plaintiff Karen Davison ("Davison") is an elementary school teacher in Plano Independent School District ("PISD"). Plaintiff's lawsuit was originally filed on June 4, 2007. In her original complaint, Plaintiff sought actual and exemplary damages for violations of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1983. Although Davison had an attorney when the suit was filed, Plaintiff's attorney sought to

withdraw from representation on December 10, 2007. Plaintiff opposed this motion and sought additional time to respond to her lawyer's request to withdraw. After a hearing, the court granted the motion to withdraw and entered an order giving Plaintiff 60 days to secure new counsel. Davison decided to proceed *pro se* and on March 12, 2008, the court signed an order granting Davison 45 days to amend her complaint, directing her to redact the portions of her complaint seeking exemplary damages, and granting Defendant's motion to dismiss with respect to Plaintiff's claim for punitive damages. On April 28, 2007, Plaintiff amended her complaint, but failed to comply with this court's order and redact the portions of the complaint which sought exemplary damages. Accordingly, Plaintiff's suit was dismissed without prejudice.

Plaintiff filed the present suit against PISD on July 2, 2008 alleging the same claims under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1983 with the assistance of a new attorney. Defendant subsequently filed a motion to dismiss, Plaintiff responded, and on December 8, 2008 this court entered a memorandum opinion and order dismissing Plaintiff's hostile environment, section 1983, and disparate impact claims. Therefore, only Plaintiff's Title VII unlawful discrimination and retaliation claims remain.

Plaintiff's response to Defendant's motion for summary judgment was originally due July 27, 2009. On July 27, August 7, and August 10, Plaintiff, through counsel, filed motions for extension of time to file a response. According to Plaintiff's counsel, because he miscalculated the response deadline, had a full caseload, and had been traveling outside the country he needed until August 11, 2009 to obtain an affidavit and file a response. The court granted Plaintiff's third motion for extension of time, but on August 11, 2009, Plaintiff filed a fourth motion for extension of time to file a response. This motion was deficient, but Plaintiff's counsel never

2

refiled the document because on August 12, 2009, the case was mediated and settled. Five days later, however, Plaintiff filed a *pro se* motion objecting to the mediation and requesting that the settlement be set aside. After an evidentiary hearing before Magistrate Judge Bush, Plaintiff's *pro se* motion was granted and the settlement was set aside. On September 14, 2009, Plaintiff filed a *pro se* motion for withdrawal of counsel, and on September 28, 2009, that motion was granted. In Judge Bush's order granting Plaintiff's request for withdrawal of counsel, Plaintiff received 10 days to respond to any pending motions, including Defendant's motion for summary judgment. Rather than respond, Plaintiff filed a motion to retain counsel. In an order partially granting that request, Plaintiff received an additional 15 days to respond to Defendant's motion for summary judgment. Now, over three months after the initial deadline to respond, Plaintiff seeks an additional 30 days to file a response.

## LEGAL STANDARD

Federal Rule of Civil Procedure 6(b)(1) permits a court to extend the time allowed to respond to a motion only if the failure to timely file was due to "excusable neglect." FED. R. CIV. P. 6(b)(1)(B). The determination of what neglect may be considered excusable, "is at bottom an equitable one." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Therefore courts consider four factors in determining the existence of excusable neglect: (1) the danger of prejudice to the other party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, and (4) whether the movant acted in good faith. *Id.*; *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 162 n.8 (5th Cir. 2006). The application of these factors in the present case indicates that Plaintiff's failure to file a response was not due to "excusable neglect."

# ANALYSIS

In effect, Plaintiff argues that her failure to timely respond to Defendant's motion for summary judgment was "excusable neglect" because the failure was caused by her former attorney. Through this motion and her "Response to Defendant's Objections to Report and Recommendation" (Dkt. 55), Plaintiff has made the court aware of her opinion about her attorney's shortcomings in this case. However, poor representation by the client's chosen attorney is not sufficient to establish "excusable neglect." *See Pioneer*, 507 U.S. at 396. Instead, "clients must be held accountable for the acts and omissions of their attorneys." *Id.* As the Supreme Court explained in *Pioneer*:

> [Plaintiff] voluntarily chose this attorney as [her] representative in the action, and [she] cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.

*Id.* (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 633–34 (1962) (quotations omitted)). Here, the fact that Plaintiff's attorney did not communicate with her and was by her estimation ineffective does not establish "excusable neglect" in the failure to file a response to Defendant's motion for summary judgment. Nonetheless, because of the unusual circumstances surrounding Plaintiff's motion for withdrawal of counsel, Plaintiff received a total of 25 additional days to respond to Defendant's motion for summary judgment. Despite this leniency, Plaintiff has still failed to file a response.

Although Defendant has not indicated that prejudice that would result from further delay and there is no indication that Plaintiff is acting in bad faith, a 30 day delay would have an impact on the judicial proceedings. This court has already reset Plaintiff's final pretrial

4

conference twice. Allowing another extension would require this court to again reset the final pre-trial conference and only cause further delay in this case. In short, Plaintiff has had ample time to respond to Defendant's motion for summary judgment, but has repeatedly failed to do so.

## CONCLUSION

For the reasons set out above, "Plaintiff's Supplementary Response to Request to Retain Counsel" (Dkt. 59) is **DENIED**.

**IT IS SO ORDERED.**

SIGNED this the 12th day of November, 2009.

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE